UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY REYES,

    Plaintiff,

                                      Civil No. 08-12761
                                      Hon. John Feikens

    v.

CITY OF PONTIAC, OFFICERS
TEELANDER, MARTINDALE, HARRISON,
HERGOTT, GARRETT, JEFFERSON and
JOHN DOE, in their individual capacity,

    Defendants.
_____

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

In this case, Plaintiff Henry Reyes ("Plaintiff") asserts claims of unreasonable and excessive force against the Defendant Officers, in alleged violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff claims that Defendant City of Pontiac is liable for these violations because improper policies, practices, and training were the proximate cause of his injuries. Plaintiff also brings tort claims of assault and battery and intentional infliction of emotional distress. On June 11, 2009, Defendants filed a Motion for Summary Judgment. On July 7, 2009, Plaintiff filed a Response to Defendants' Motion for Summary Judgment. On July 13, 2009, Defendants filed a Reply. A hearing was held on August 24, 2009. For the reasons set forth below, I GRANT Defendants' Motion for Summary Judgment.

**STATEMENT OF FACTS**

On September 3, 2006, Plaintiff and his wife attended the Arts, Beats & Eats festival in Pontiac. During this festival, the Pontiac Police Department deploys large numbers of officers at

bars and nightclubs around closing time.  Plaintiff testified that he and his wife had joined a community of friends drinking at a particular bar.  At closing time, they were all directed to leave and he was separated from his wife when he stopped to talk to someone (he no longer remembers whom).  By the time he got outside and had gotten through the crowd to catch up to his wife, there appeared to be something going on.  Plaintiff's wife was apparently involved in a multiparty altercation.  Plaintiff saw that his wife was being arrested by a law enforcement officer.

Plaintiff allegedly approached the situation to see what was going on with his wife.  Plaintiff explained that an officer abruptly placed his hand on the front of Plaintiff's neck immediately above his chest and gave him a shove back which caused Plaintiff to fall.  Plaintiff believes that this officer was a white male.  Plaintiff testified that he got up, intending to politely explain that he was simply trying to ask what was going on with his wife.  As he approached the officer, but before he could finish his question, another officer allegedly shot him at close range with what appeared to be a hand gun.  Plaintiff claims that he was shot by <u>rubber bullets</u> projected from a <u>hand gun</u>, and not any type of long gun such as a rifle or pepper ball dispenser (which is similar to a paint ball gun in configuration).  Plaintiff alleges that he was then left on the ground injured.  Plaintiff admits that he cannot identify from photographs presented to him which officer was arresting his wife, which officer shoved him, or which officer shot him.

Plaintiff has named as Defendants all of the police officers whom he believes were related to a series of arrests following a fight at the 2006 Arts, Beats & Eats festival.  Plaintiff, however, cannot recall the appearance of the officer arresting his wife.  At his deposition, he did not recall the color of the uniform but does recall there being a uniform.  He recalls the officer being a white male.  At his deposition, Plaintiff testified as follows:

Q. What did this particular police officer who was directly interacting with your wife look like?

A. What did he look like?

Q. Yeah.

A. I don't remember.

Q. What was he wearing?

A. A uniform.

Q. Was he wearing long pants or short? Some uniforms have short pants.

A. I don't remember.

Q. Do you remember the color of any of the clothes, blue, white, black?

A. They were blue colors, county police.

Q. Well, they have different colors, too, that's why I'm asking.

A. Then I don't remember.

Q. So when you say blue, it's because you were assuming all Pontiac police uniforms are blue, not because you remembered; correct?

A. Yes.

Q. Was this officer wearing a hat?

A. Don't remember.

Q. Was this officer white or black.

A. White.

Q. Did this officer have facial hair?

A. Don't remember.

Q. Did this officer have glasses?

A. Don't remember.

> Q. What color hair did the officer have?
>
> A. Don't remember.
>
> Q. Could you describe him any other way then saying white male?
>
> A. No, there's no other way.
>
> Q. Height, body build, anything you could help me with?
>
> A. Don't remember.

In addition, although he names a number of officers as defendants, Plaintiff has acknowledged that only one individual shot him. Plaintiff does not know who that individual is but recalls that it was a white male in a law enforcement uniform. At his deposition, Plaintiff acknowledged that he could not identify the officer who shot him when confronted with photographs that included all of the individual Defendants. Plaintiff acknowledged that he did not remember the color of the uniforms of the law enforcement officials he encountered, including the one whom he alleges shot him with rubber bullets. Plaintiff even acknowledged that he could not rule out the possibility that he was shot by officers from another police department, including but not necessarily limited to the Oakland County Sheriff's Department, the Waterford Police Department, or the Michigan State Police Department. The Pontiac Police Department does not and has never utilized <u>rubber bullets</u>. None of the individual Defendant Officers recall having any type of interaction with Plaintiff. Some City of Pontiac police officers utilize pepper ball guns in connection with crowd control situations, but they are not configured as <u>hand guns</u> but as long guns. None of the individual Defendants were in the possession of pepper ball guns on the night in question.

## ANALYSIS

**Summary Judgment Standard**

Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if proof of that fact would establish or refute one of the essential elements of a claim or defense and would affect the application of governing law to the rights and obligations of the parties. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence and any inferences drawn therefrom in a light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). For a claim to survive summary judgment, the nonmovant must offer more than a mere scintilla of evidence as to the material facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The movant's burden is satisfied where there is an absence of evidence to support the nonmovant's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

**Defendants Are Entitled To Summary Judgment**

Plaintiff's claims against Defendants must fail. Plaintiff could not identify any individual Defendant Officer as the alleged assailant. Plaintiff does not have a claim against the Defendant Officers when he does not even know if the alleged assailant was one of the Defendant Officers, and he does not have a claim against Defendant City of Pontiac when he cannot identify a Pontiac police officer as the assailant. There is not a factual controversy for the jury because Plaintiff has admitted that the individual who allegedly shot him with rubber bullets may not be one of the individual Defendants and indeed, may not even be a Pontiac police officer. As the Defendant Officers have presented sworn testimony essentially making it impossible for them to be the shooter and Plaintiff has not come forward with any evidence in support of his claims,

summary judgment is appropriate.  The evidence submitted shows:

- Plaintiff has not (and apparently cannot) identify the color of the uniform worn by the officer alleged to have shot him with rubber bullets.

- Plaintiff has not (and apparently cannot) describe the uniform worn by the officer and cannot indicate if the uniform involved short pants or long pants.

- When presented with photographs of all of the individual Defendants, as well as other officers on the scene, Plaintiff could not identify the officer who allegedly shot him.

- Plaintiff could not identify any of the officers allegedly involved in the events at issue.

In Celotex Corp., 477 U.S. at 325, the Supreme Court found that summary judgment is appropriate when the moving party establishes that the non-moving party lacks sufficient evidence to carry its ultimate burden of persuasion at trial, i.e. it lacks an essential element of its claim.  A reasonable jury could not find that any of the Defendant Officers engaged in the conduct Plaintiff asserts.  Plaintiff cannot identify the alleged assailant, nor has he been able to produce any witness who can identify the assailant.   Plaintiff claims that he was shot with rubber bullets projected from a hand gun, but the Defendant Officers did not have access to rubber bullet guns.  Plaintiff cannot provide more than a mere scintilla of evidence in support of his claims against the Individual Defendants.

Plaintiff's claims against the City of Pontiac fail for the same reasons.  Plaintiff has essentially admitted that he has only assumed that it was Pontiac police officers who allegedly assaulted him.  He has not been able to identify any specific officers.  Moreover, while Plaintiff claims he was shot by rubber bullets, the City of Pontiac does not utilize rubber bullets.  Because Plaintiff has failed to show that the assailant was a Pontiac police officer, Plaintiff's claims against the City of Pontiac fail.  Plaintiff's § 1983 claim against the City of Pontiac also fails because Plaintiff has not submitted any evidence of a Pontiac custom, policy, or practice driving

the alleged officer actions. Plaintiff cannot provide more than a mere scintilla of evidence in support of his claims against Defendant City of Pontiac.

In his Response brief, Plaintiff asks for leave to amend his complaint to assert that Defendants should be liable because they failed to intervene and prevent other officers from engaging in improper force, what Plaintiff calls a nonfeasance claim. Plaintiff cites Byrd v. Brishke, 466 F.2d 6 (1972) in support. However, in Byrd, the plaintiff confirmed that the defendant officers were in the backroom of the bar where the alleged beating took place when it took place. 466 F.2d at 9. In our case, Plaintiff has not submitted any evidence supporting his theory that the Defendant Officers, or any City of Pontiac officers for that matter, were at the scene when he was allegedly pushed down and shot with rubber bullets.

**CONCLUSION**

For the aforementioned reasons, I GRANT Defendants' Motion for Summary Judgment and dismiss the case.

**IT IS SO ORDERED.**

Date:   September 3, 2009                   s/ John Feikens
                                            John Feikens
                                            United States District Judge

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on September 3, 2009, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager